UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JUAN CHIC TZOY and <br> RUBEN ORTIZ MOLINA, <br>         Plaintiffs, <br> v. <br> DERRICK STAMPER, <br> Chief Patrol Agent, <br> Houlton Sector, U.S. Border Patrol, <br> et al., <br>         Defendants. | 2:26-cv-00067-SDN |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioners Juan Chic Tzoy and Ruben Ortiz Molina are noncitizens from Guatemala who entered the country uninspected. ECF No. 1 at 1. Mr. Chic Tzoy entered the U.S. in 2021, and Mr. Ortiz Molina entered in 2013. *Id*. at 1–2. They both live in Massachusetts and have worked in the construction industry in Maine for several years. *Id*. at 2. On February 3, 2026, Petitioners were detained by U.S. Customs and Border Protection ("CPB") and have remained in CBP custody in Calais, Maine, since that date. *Id*. The Petitioners jointly[1] filed a verified petition for a writ of habeas corpus, arguing in part that their continued detention is unlawful because they are entitled to bond re-determination hearings under 8 U.S.C. § 1226(a). *Id*. at 3. They also filed a motion for a temporary restraining order, seeking not to be removed from the District of Maine while

---

[1] The Court acknowledges it is unusual for two habeas petitioners to file a joint petition, given they do not appear to be seeking relief "jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a)(1)(A). However, because the purpose of the Rules is "to secure the just, speedy, and inexpensive determination of every action and proceeding," because Petitioners are identically factually and legally situated, and because the Government does not object to keeping the Petitioners joined in this particular matter, ECF No. 6 at 3, the Court will not sever the proceedings at this time.

1

the merits of their petition are pending. ECF No. 3. On February 7, 2026, the Court issued an emergency order for the Government to show cause why Petitioners' detentions are not illegal and enjoined their transfer from the District. ECF No. 5.

In its response to the show cause order, ECF No. 6, the Government asserts that Petitioners are subject to detention under 8 U.S.C. § 1225(b)(2). However, the Government acknowledges the caselaw from this Court in *Chogllo Chafla v. Scott, No. 2:25-CV-00437*, 2025 WL 2688541 (D. Me. Sept. 22, 2025), and *Bermeo Sicha v. Bernal*, No. 1:25-CV-00418, 2025 WL 2494530 (D. Me. Aug. 29, 2025), and has not submitted any additional facts or legal arguments explaining why Petitioners' cases are factually or legally distinct from those cases.

As such, pursuant to my reasoning in those cases, I **GRANT** the Petitioners' habeas petition and **ORDER** them immediately released on their own recognizance. ECF No. 1. I **ORDER** that Petitioners shall receive individual bond hearings pursuant to section 1226(a)(2) no sooner than 30 days from the date of the Order in this case. The Government is enjoined from denying Petitioners bond hearings on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioners. The Government is further **ORDERED** to file a status report within 45 days of this Order apprising the Court of the current status of Petitioners' cases, stating whether the Petitioners have been granted bond, and, if their requests for bond were denied, the reasons for those denials.

**SO ORDERED.**

Dated this 7th day of February, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**